Gustavo **BERMUDEZ-BARAJAS,**
Petitioner,

v.

Loretta E. **LYNCH, Attorney**
General, Respondent.

No. 14-71921

United States Court of Appeals,
Ninth Circuit.

Submitted November 16, 2016 *

Filed November 22, 2016

Gustavo Bermudez-Barajas, Pro Se, Perris, CA, for Petitioner.

Timothy Hayes, Trial Attorney, OIL, U.S. Department of Justice, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

### MEMORANDUM **

Gustavo Bermudez-Barajas, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014). We grant the petition for review and remand.

Bermudez-Barajas moved to reopen so that he could pursue an I-601A provisional waiver of inadmissibility pursuant to 8 C.F.R. § 212.7(e). At that time, an individual who had been in removal proceedings was eligible for the waiver only if the agency had administratively closed proceedings, instead of entering a removal order. *See* 8 C.F.R. § 212.7(e)(4) (2013).

The BIA correctly noted that Bermudez-Barajas' final order of removal rendered him ineligible for the waiver. However, the BIA abused its discretion in denying Bermudez-Barajas' motion to reopen because it appears not to have considered whether he was entitled to reopening as a matter of discretion. *See* 8 C.F.R. § 1003.2(a); *Singh*, 771 F.3d at 653 (the BIA's denial of a motion to reopen on jurisdictional grounds was legal error, and thus an abuse of discretion, because it had authority to reopen under 8 C.F.R. § 1003.2(a)). We therefore grant the petition and remand for further proceedings.

In light of this disposition, we do not reach Bermudez-Barajas' remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.